UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 99-00452-CR-MOORE

UNITED STATES OF AMERICA

vs.

GERARDO ANTONIO SEGUI,

    Defendant.
_____/

### GOVERNMENT'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

The United States hereby files this amended response to Defendant Gerardo Antonio Segui's (the "defendant['s]") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [ECF No. 91]. The defendant is now eligible for relief under Amendment 782 and his sentence should be reduced. However, for the reasons stated below, the defendant's request that his five-year term of supervised release be reduced should be denied.

### INSTANT MOTION

On September 10, 2014, the defendant filed a motion under 18 U.S.C. § 3582, in which he sought a reduction in his sentence on the basis of then-proposed Amendment 782 to the Sentencing Guidelines, which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. In a footnote, the defendant also requested that, "[t]o the extent that [the proposed] reduced sentence is less than time served . . . [the defendant] requests an equivalent reduction in his term of supervised release, which presently is five years." Def. Motion at 2. On September 12, 2014, the government responded [ECF No. 94], arguing that Amendment 782 did not take effect until November 1, 2014, and that the defendant's September 10 motion was therefore premature. Now

that Amendment 782 has taken effect, the defendant's guideline range has been lowered and his sentence should be reduced. However, the Court should not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015.  In addition, the Court should deny the defendant's request for a reduction in his supervised release term as that issue is not ripe for adjudication.

## **PROCEDURAL BACKGROUND**

On June 22, 1999, a federal grand jury in Miami-Dade County, in the Southern District of Florida, returned an indictment charging the defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 [ECF No. 9]. After a jury returned a guilty verdict [ECF No. 47], a Pre-Sentence Investigation Report (PSI) was prepared.[1] Because his offense involved 57 kilograms of cocaine, the defendant's base offense level was calculated to be a level 36, under USSG § 2D1.1(a)(3). (PSI ¶ 21). The probation officer increased the offense level by two levels because the defendant used a knife to threaten a confidential source posing as a cocaine buyer. (PSI ¶¶ 12, 22). The Defendant was designated as Criminal History Category I. (PSI ¶ 33). This placed the defendant's guideline range at 235 to 293 months. There was also a statutorily required 120-month mandatory minimum sentence based on the quantity of cocaine charged in the indictment. (PSI ¶ 69).

On December 19, 1999, the district court sentenced the defendant to 235 months' imprisonment, at the low end of the advisory guidelines [ECF No. 57]. As noted, on September 10, 2014, the defendant prematurely filed the instant motion to modify his sentence under 18

---

[1] The PSI in this case is not attached as an exhibit because doing so would violate the local rules.  However, if the Court would like to review the PSI, the undersigned Assistant United States Attorney will hand deliver a copy to chambers.

2

U.S.C §3582(c)(2) [ECF No. 91]. A review of the Bureau of Prisons website revealed that the defendant is currently not projected for release until approximately October 16, 2016.

## LEGAL ANALYSIS

In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by two levels, and making related adjustments. In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (alteration added).

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. The version of Section 1B1.10 applicable to sentencing reductions under Amendment 782 is effective on November 1, 2014. Application note 8 (2014) provides: "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as

a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

A defendant is eligible for a sentencing reduction if Amendment 782 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the now-amended range (other than due to substantial assistance). Even if the defendant is eligible, a district court has discretion to deny a reduction. Further, a proceeding under Section 3582(c)(2) is not a full resentencing proceeding, § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the guideline amendment.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is

> less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 560 U.S. at 827.

Section 1B1.10(e)(1), as added in Amendment 788, which was made effective on November 1, 2014, provides: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." A new application note 6 adds:

> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2). Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

USSG 1B1.10(e)(1) cmt (n.6).

## ARGUMENT

A review of the defendant's case reveals that he is eligible[2] for relief. At the time of sentencing, the base offense level applicable to the defendant was 36, pursuant to Section 2D1.1(a)(3) of the Guidelines. (PSI ¶ 21). As noted, the probation officer increased the base offense level because the defendant possessed a dangerous weapon during his commission of the offense. (PSI ¶ 22) (citing USSG § 2D1.1(b)(1)). The defendant was placed in Criminal History

---

[2] In determining the defendant's eligibility for a reduction in sentence under the applicable § 3553(a) factors, the government reviewed the defendant's disciplinary history while incarcerated. With the exception of one incident, in which the defendant denied hitting a fellow inmate with a coffee cup, it appears that the defendant's conduct in prison should not disqualify him from the relief sought here.

Category I. (PSI ¶ 33). This placed the defendant's guideline range at 235 to 293 months. There was also a statutorily required 120-month mandatory minimum sentence for Count 1. (PSI ¶ 69).

As a result of Amendment 782, the base offense level was lowered to 34, and the total offense level is lowered to 36. Therefore, the amended guideline range, in Criminal History Category I, is now 188 to 235 months' imprisonment. If the Court concludes that the defendant is eligible for a sentencing reduction, the government recommends that the Court consider a revised sentence of 188 months' imprisonment, the low end of the amended guideline range.

With respect to the defendant's request for a reduction in his term of supervised release, however, a motion under Section 3582(c)(2) is not the proper avenue for relief. Section 1B1.10(b)(2)(C) provides: "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Application note 7(B) (note 5(B) prior to the 2014 amendments) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range, the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). That issue is not ripe, however, with regard to the defendant: a current prisoner. The matter must wait until a motion under Section 3583(e)(1) is filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released." 18 U.S.C. § 3583(e)(1). See United States v. Guess, 541 F. Supp. 2d 399 (D. Me. 2008) (extensive analysis); United States v. Williams, 588 F. Supp. 2d 786, 788 (E.D. Mich. 2008) (amendment may not be

employed to reduce term of supervised release). Thus, the defendant's request for a reduction in his supervised release term is premature and should be denied.

## **CONCLUSION**

Based on the foregoing, the United States does not oppose the defendant's Motion to Modify Sentence under Title 18, United States Code, Section 3582(c)(2), nor does it oppose the defendant's request that his sentence be reduced to the low end of the new guideline range: 188 months' imprisonment. The United States also respectfully requests that the Court's order, should it grant the defendant's motion, not go into effect until after November 1, 2015. Finally, the United States requests that the Court deny the defendant's request for a reduction of his term of supervised release.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   */s/Christopher B. Browne*
CHRISTOPHER B. BROWNE
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 91337
99 Northeast 4th Street, 6th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9419
E-mail: christopher.browne@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and mailed same, via U.S.P.S. certified mail, to Gerardo Antonio Segui, Register Number 59528-004, Lexington Federal Medical Center, P.O. Box 14500, Lexington, Kentucky 40512.

*/s/ Christopher B. Browne*
Assistant United States Attorney